IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

C.B.,

    **Plaintiff,**

    v.

**RED ROOF INNS, INC.,** *et al.*,

    **Defendants.**

Civil Action 2:22-cv-3772
Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter comes before the Court on Defendant Red Roof Inns, Inc.'s ("RRI") Motion for Leave to File a Third-Party Complaint Against Manno Associates, Inc., dba PMI ("PMI") and Aron Security, Inc. dba Arrow Security ("Arrow"). (Mot., ECF No. 79.) For the following reasons, the Motion is **DENIED without prejudice**.

    I.    BACKGROUND

On October 23, 2022, Plaintiff filed her Complaint against Defendants RRI and Red Roof Franchising, LLC, alleging that Defendants violated the Trafficking Victim Protection Reauthorization Act, 18 U.S.C. § 1595. (ECF No. 1.) On January 20, 2023, the Court stayed the case. (ECF No. 4.) On April 25, 2023, the Court lifted the stay. (ECF No. 15.) On March 28, 2024, the Court denied Defendants' Motion to Dismiss (ECF No. 54), and on May 1, 2024, Defendants filed their Answers (ECF Nos. 62, 63).

On February 18, 2025, Defendant RRI moved for leave to file a third-party complaint against Arrow and PMI, seeking to assert contractual and common law indemnity and contribution claims against Arrow and PMI. (Mot. at PageID 923–25.) On March 11, 2025,

Plaintiff filed a Response in Opposition to Defendant RRI's Motion, arguing that the Motion is untimely, the addition of Arrow and PMI will prejudice her and complicate the issues at trial, there is not sufficient overlap for Defendant RRI's claims to proceed through discovery, and half of Defendant RRI's claims are not meritorious.  (Resp., ECF No. 80.)  On March 24, 2025, Defendant RRI filed a Reply brief.  (Reply, ECF No. 81.)  Accordingly, this matter is ripe for judicial review.

## II.      STANDARD OF REVIEW

Federal Rule of Civil Procedure 14 provides that a defendant "may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a).  The third-party plaintiff "must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." (*Id.*)  Whether to grant a motion for leave to file a third-party complaint is committed to the discretion of the trial court. *Zimmerman v. Russ Steamer Serv., LLC*, No. 2:22-CV-40, 2022 WL 3593096, at *2 (S.D. Ohio Aug. 23, 2022); *Trane U.S. Inc. v. Meehan*, 250 F.R.D. 319, 321–22 (N.D. Ohio 2008); *Gen. Elec. Co. v. Irvin*, 274 F.2d 175, 178 (6th Cir. 1960).  Courts generally consider the following factors when ruling on motions pursuant to Rule 14(a): "'(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; (4) prejudice to the original plaintiff.'" *L.H. v. Red Roof Inn, Inc.*, No. 3:22-CV-625, 2025 WL 714385, at *21 (W.D. Ky. Mar. 5, 2025) (citing *Botkin v. Tokio Marine & Nichido Fire Ins. Co.*, 956 F. Supp. 2d 795, 802 (E.D. Ky. 2013)).  "While various factors may be considered, promptness of the motion is a key consideration." *Zimmerman*, 2022 WL 3593096, at *2.

### III. ANALYSIS

The Court finds that that Defendant RRI fails to persuade the Court that its Motion is timely.  Defendant RRI waited approximately nine months to seek leave to file its Motion. Defendant RRI's explanation for the delay is vague and conclusory.

> Here, Red Roof served its answer to Plaintiff's Complaint on May 1, 2024 (ECF No. 63) and since has diligently searched for security contracts between 2012 and 2015 (the years of Plaintiff's alleged trafficking) at all five Red Roof Inns where Plaintiff alleges that she was trafficked. Upon discovery of the decade's old security contracts with PMI and Arrow, Red Roof promptly moved for leave on February 18, 2025. ECF No. 79. . . . Red Roof showed good cause in locating these 17 and 12-year-old security contracts.

(Reply, at PageID 1028.)  Further, Defendant RRI has been aware of the facts upon which its Motion is based on long before filing its Motion —Plaintiff filed her Complaint more than two and a half years ago.  (Mot. at PageID 923–24, 927–28 (referring to the allegations in the Complaint).)

On this record, the Court cannot determine whether Defendant RRI "diligently searched" for the security contracts; nor can it confirm that Defendant RRI "promptly" moved for leave without knowing the date that Defendant RRI located the contract.  *See Kopan v. George Washington Univ.*, 67 F.R.D. 36, 38 (D.D.C. 1975) ("No real explanation for the latter delay has been offered. Furthermore, after carefully considering the defendants' motion and memorandum[,] the Court has concluded that the defendants knew all the facts upon which the motion to implead is actually based long before the [event occurred] which the defendants claim triggered this motion.").  Accordingly, Defendant RRI's Motion (ECF No. 79) is **DENIED without prejudice**.

## IV. CONCLUSION

For the foregoing reasons, Defendant RRI's Motion for Leave to File a Third-Party Complaint Against Manno Associates, Inc., dba PMI and Aron Security, Inc. dba Arrow Security is **DENIED without prejudice**. (ECF No. 79.) If Defendant RRI intends to refile its Motion, it must do so within **SEVEN DAYS** of this Order. Plaintiff may file a response to Defendant RRI's second Motion within **FOURTEEN DAYS** of this Order. No reply is permitted unless otherwise ordered by the Court.

**IT IS SO ORDERED.**

Date: May 20, 2025            /s/ *Elizabeth A. Preston Deavers*
                              **ELIZABETH A. PRESTON DEAVERS**
                              **UNITED STATES MAGISTRATE JUDGE**